(No. 77-CC-1930-)

AILEEN NEELY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 2, 1980.*

RICHARD A. HOLLIS, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant, Aileen Neely, has brought this action against the State of Illinois to recover back-pay in the amount of $48,819.41. Miss Neely had been employed by the State of Illinois since 1934 and was "laid off" from her position as Social Worker VI in the Department of Children and Family Services on October 15, 1973. The Civil Service Commission of the State of Illinois determined that Miss Neely should not have been removed from her position as Social Worker VI, rather that she was entitled to continue her employment in the position of Child Welfare Administrator II.

The State of Illinois appealed the Civil Service Commission decision to the Circuit Court of the Seventh Judicial Circuit of Sangamon County, Illinois. Said Court then affirmed the decision of the Civil Service Commission. Again, the State of Illinois filed an appeal, to the Fourth District Appellate Court, and during the pendency of that appeal, the director of the Department of Personnel reversed the decision to lay off the Claimant, thus making effective said decision retroactive to October 15, 1973, with restoration of full rights and benefits, subject to mitigation from that date. The Appellate Court proceeding was thereafter dismissed, and the State took no further steps to appeal. Miss Neely was reinstated as an employee effective July 1, 1977, in the position of Child Welfare Administrator II, Department of Children and Family Services. Miss Neely has not been paid salary from October 15, 1973, through June 30,

1976, which she would have received had she been employed during that period, and has not been reimbursed medical insurance premium which would have been paid by the State as a benefit of employment, for the period October 15, 1973, through July 1, 1977.

The Respondent does not dispute the fact that Miss Neely was wrongfully discharged from her job. Therefore, the sole issue before this Court is whether the efforts exerted by Miss Neely to find alternate employment amounted to reasonable mitigation efforts on her part.

The evidence at the hearing disclosed that Miss Neely applied for a position with the Senior Citizens Group in Carbondale, but was not employed at that position because she was "over-qualified." Claimant also applied for the personnel code position of Social Services Coordinator with the Illinois Department of Children and Family Services, took a competitive examination, received the highest grade possible, and was not hired by the State of Illinois. Ultimately, Miss Neely was hired to teach courses at Logan College in Carbondale for the years 1974-1975 and 1976.

The Court finds that Miss Neely did make a reasonable effort to mitigate her losses, and that Miss Neely is entitled to full compensation which she would have earned in the position classification during the period of discharge. This includes both salary and medical insurance premiums.

Claimant would have received $58,075.00 in salary and $390.96 in medical insurance premium payments. The State is entitled to a set-off of $9,646.55 which comprises unemployment compensation received by the Claimant and the amounts earned by the Claimant

during the period of discharge. This leaves a balance of $48,819.41 plus contributions to the State Retirement System due and owing to Claimant.

It is therefore ordered that Claimant, Aileen Neely, be and is hereby awarded the sum of $48,819.41.